OPINION OF THE COURT
Nat H. Hentel, J.
Defendant moves to suppress all oral statements, memoranda, notations and other material obtained by an undercover agent of the District Attorney while engaged in pre-indictment investigation.
Defendant incorrectly cites the recent Supreme Court case, United States v Henry (447 US 264), as standing on “all fours” with the case at bar. United States v Henry is distinguishable from the instant case isasmuch as it involves incriminating statements made by the accused to an undisclosed undercover government informant while in custody and after indictment. Here, statements were made by defendant prior to custody and prior to indictment.
Further, under the facts of United States v Henry, incriminating statements were “deliberately elicited” from the accused within the purview of Massiah v United States *540 (377 US 201). Being in jail, Henry was unaware that the informant, obstensibly a fellow cellmate, was acting for the government. He was held not to have waived his Sixth Amendment right to the assistance of counsel at that time.
Henry’s incarceration at the time he was engaged in conversation by the government agent was also a relevant factor. A defendant must be both in police custody and under interrogation before the procedural safeguards outlined in Miranda v Arizona (384 US 436) are required. Custody occurs if a suspect is physically deprived of his freedom of action in any significant way, or is led to believe, as a reasonable person, that he is so deprived. The court in United States v Henry (supra, p 274) noted that confinement “may bring into play subtle influences” that will make the accused “particularly susceptible to the ploys of undercover government agents”.
The Supreme Court states in United States v Henry (supra, p 272): “It is quite a different matter when the Government uses undercover agents to obtain incriminating statements from persons not in custody but suspected of criminal activity prior to the time charges are filed. In Hoffa v. United States, 385 U. S. 293, 302 (1966), for example, this Court held that ‘no interest legitimately protected by the Fourth Amendment is involved’ because ‘the Fourth Amendment [does not protect] a wrongdoer’s misplaced belief that a person to whom he voluntarily confides his wrongdoing will not reveal it.’ See also United States v. White, 401 U. S. 745 (1971). Similarly, the Fifth Amendment has been held not to be implicated by the use of undercover Government agents before charges are filed because of the absence of the potential for compulsion. See Hoffa v. United States, supra, at 303-304.”
The Fourth and Fifth Amendment claims made in the afore-mentioned cases are not relevant to the inquiry under the Sixth Amendment here, i.e., whether the District Attorney has interfered with defendant’s right to counsel by planting an undercover operative in the offices of defendant’s publishing company specifically to elicit admissions from defendant as to his activities.
*541 To demonstrate an infringement of the Sixth Amendment, a defendant must show that the government engaged in conduct which, considering all the circumstances, is the functional equivalent of interrogation. (See Brewer v Williams, 430 US 387.) Considering the facts herein under the strictures of the Supreme Court’s holdings on the exclusion of evidence, there has been no showing that the District Attorney created a situation likely to induce defendant to make incriminating statements without assistance of counsel.
United States v Henry supports the People’s position in this case that statements made by defendant to an undercover government agent prior to custody and before charges are filed should not be suppressed.
Defendant’s motion is denied.